UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CX RE. INSURANCE COMPANY, LTD., F/K/A CNA INSURANCE COMPANY, LTD.<br>    plaintiff | :<br>:<br>:<br>: |
| v. | :    3:06-cv-627 (CFD) |
| MELISSA'S CAFÉ, LLC, DANIEL B. REGAN, and HEATHER OLOFSON BOSCO,<br>    defendants | :<br>:<br>:<br>:<br>: |

RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

CX Re Insurance Company ("CX Re") filed this action seeking a declaratory judgment that it has no duty to indemnify the defendant, Melissa's Café ("Melissa's"), for damages awarded related to an assault and battery. Specifically, CX Re claims that the disputed damages are excluded from coverage under the assault and battery exclusion in the relevant insurance policy. Melissa's argues that the insurance policy provides coverage for the damages and thus CX Re has a duty to indemnify. The parties have filed cross-motions for summary judgment.

I.    Background[1]

    A.    Heather Bosco's claim

On April 19, 2000, Heather Bosco was a patron at Melissa's, a bar in Naugatuck,

---

[1] The following facts are taken from the parties' Local Rule 56(a) statements, summary judgment briefs, and other evidence submitted by the parties. They are undisputed unless otherwise indicated.

Connecticut. While at Melissa's, Bosco engaged in a conversation with a fellow patron, Lynn Dunn. Following a disagreement, Dunn struck Bosco in the face with a pint beer glass, tackled, and punched her.

Daniel Regan was the only Melissa's employee working the night of the incident. Prior to the assault, Regan directed Dunn to leave the premises because she was "becoming somewhat loud and belligerent." Dunn did not leave and Regan subsequently went to clean the bar's dart room. Ten minutes later, the assault occurred.

Bosco filed a five-count complaint on April 11, 2002 against Lynn Dunn, Daniel Regan (the manager of Melissa's), and Melissa's seeking damages in connection with the injuries she sustained from the April 19 incident. Prior to trial, Dunn and Regan were dismissed as defendants, and the case proceeded to verdict only as to Melissa's, and only on allegations of negligence. The operative complaint at the May 2006 trial stated that "Lynn Dunn, struck the Plaintiff in the face with a glass, causing the injuries and losses set forth below. The Injuries and losses suffered by the Plaintiff were caused by the negligence and carelessness of the Defendant, Melissa's, its agents, servants, and/or employees . . . ."[2]

---

[2] This count listed eight specific ways in which Melissa's, its agents, servants, an/or employees were negligent:
    a. failed to adequately monitor the actions of its patron Lynn Dunn when they knew or should have known that she was becoming loud and/or belligerent;
    b. failed to remove Lynn Dunn from the premises when they should have done so under the circumstances then and there existing;
    c. failed to provide adequate staff and/or security to ensure the safety and well-being of their customers, patrons and business invitees;
    d. failed to supervise an unruly and dangerous patron within said establishment;
    e. failed to adequately train personnel to identify dangerous and unruly patrons, and take actions;
    f. failed to monitor the activities of a dangerous and unruly patron;
    g. failed to provide adequate safety measures to protect the invitees to the

On May 11, 2006 a jury in the Waterbury Superior Court returned a general verdict in favor of Bosco and awarded her $265,891 in damages. Melissa's appealed and the judgment was affirmed. The Connecticut Supreme Court denied Melissa's petition for certification for appeal on September 12, 2007.

    B.    Subject Insurance Policy

CX Re issued a $1,000,000 insurance policy to Melissa's Café, LLC, effective February 10, 2000 to February 10, 2001. The policy contains a Commercial General Liability Coverage section that provides coverage for any sums that Melissa's becomes legally obligated to pay as damages because of "bodily injury" and "property damage." In conjunction with the Commercial General Liability section there is an assault and battery exclusion that omits certain types of "bodily injury" and "property damage" from coverage under the insurance policy. The provision excludes:

> 'Bodily Injury' . . . arising out of an assault or battery, provoked or unprovoked, or out of any act or omission in connection with prevention or suppression of an assault or battery, committed by any insured or an employee or agent of the insured.

II.    Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

    establishment;
h. the establishment was unreasonably unsafe for its patrons, including the plaintiff, including the circumstances then and there existing.

there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 5(c)); accord Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir.1993). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 202. After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex, 477 U.S. at 323, 106 S.Ct. 2548, 91 L.Ed.2d 265.

When addressing a motion for summary judgment, the Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

III. Discussion

    A. Standard for Interpreting an Insurance Policy

"Under our law, the terms of an insurance policy are to be construed according to the general rules of contract construction . . . The determinative question is the intent of the parties, that is, what coverage the . . . [plaintiff] expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy . . . If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning . . . However, [w]hen the words of an insurance contract are, without violence, susceptible of two [equally reasonable] interpretations, that which

will sustain the claim and cover the loss must, in preference, be adopted." (Citations omitted; internal quotation marks omitted.) Travelers Ins. Co. v. Namerow, 261 Conn. 784, 796 (2002). "[T]his rule of construction favorable to the insured extends to exclusion clauses." Id. (Internal quotation marks omitted).

B. Interpretation of the Assault and Battery Exclusion

Melissa's first argues that the assault and battery exclusion should be interpreted to require indemnification because it was not an employee of Melissa's who committed the assault and battery on Bosco. In Kelly v. Figueiredo, the Connecticut Supreme Court interpreted a similar assault and battery exclusion, which provided:

> It is agreed that the insurance does not apply to bodily injury or property damage arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.

Kelly v. Figueiredo, 223 Conn. 31, 33 (1992). In Kelly, like here, a patron was assaulted by another patron. The bar owner and permittee in Kelly argued, in seeking indemnification, that the exclusion did not apply to all conduct related to assaults and batteries, but only excluded coverage for assaults and batteries which occurred "in connection with the prevention or suppression of" assaults and batteries." Id. at 34-35. In other words, the exclusion would only apply when an employee failed to stop an altercation. However, the Connecticut Supreme Court found that such an interpretation defied fundamental sentence structure because it ignored the repetition of "out of" before "assault and battery" and the phrase dealing with prevention or suppression of assaults and batteries. Id. at 36. "If it is reasonably possible to do so, every provision of an insurance policy must be given operative effect." Id. at 36 (citing Stretweiser v.

Middlesex Mutual Assurance Co., 219 Conn. 371, 376 (1991)).  Thus, the court held that the assault and battery exclusion precluded coverage for *all* assaults and batteries, whether just involving patrons, or when employees stepped in to stop the situation.  Kelly, 223 Conn. at 37.

Like the insured in Kelly, Melissa's contends that the assault and battery exclusion in this case should be interpreted so that it only excludes coverage if an employee of Melissa's is involved in the assault.  Melissa's admits that if the assault and battery exclusion in this case contained the phrase "whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person" which is found at the end of the exclusion in Kelly, then CX Re would not have to indemnify Melissa's.  The defendant points to the absence of that language in the exclusion here for its argument that it is only altercations involving employees that are excluded from coverage.

The Court finds, however, consistent with the Connecticut Supreme Court's interpretation in Kelly, the assault and battery exclusion here must also be read as two separate clauses, with the same result as in Kelly.  The first part of the exclusion precludes coverage for "'[b]odily [i]njury'... arising out of an assault or battery, provoked or unprovoked." The second clause of the exclusion precludes coverage for "[b]odily [i]njury'... [arising] out of any act or omission in connection with prevention or suppression of an assault or battery, committed by any insured or an employee or agent of the insured."  While there are slight differences in the language of this exclusion and the one in Kelly, they are not material.  The two phrases must be read separately, based on the repetition of the words "out of" before the two situations; otherwise, like in Kelly, the first clause would not have any meaning.  In addition, this interpretation makes sense because the second clause also excludes coverage for those

unintentionally injured by employees attempting to prevent or stop an assault involving patrons.

      C.      Negligence Constituting an Assault and Battery

Melissa's also argues that since Bosco only alleges that it was negligent, no employee or agent of Melissa's actually committed an assault, and therefore CX Re has a duty to indemnify.[3] However, the Connecticut Superior Court has held that negligent conduct resulting in physical injury falls within a policy exclusion concerning assaults under similar circumstances. See Salza v. Cellar, No. CV00375600S, 2002 WL 1331985 at *1, *2 (Conn. Super. Ct., May 20, 2002).[4] In Salza, the court held that the assault and battery exclusion there "applie[d] to all assaults and batteries caused by intentional, reckless, or *negligent* conduct" and thus the insurer did not have a

---

[3] Relying on the General Verdict Rule, Melissa's also argues that because the jury did not specifically state under which of the eight theories of negligence contained in Bosco's complaint they found Melissa's liable for, CX Re must indemnity it. However, all of the negligence allegations relate to the prevention or suppression of Dunn's assault on Bosco.

[4] The Court recognizes that there is some conflicting authority in the lower courts of Connecticut as to whether a lawsuit claiming only negligence, not assault and battery, can trigger an insurance policy's assault and battery exclusion. Compare Teixeira v. Miranda, 23 Conn. L. Rptr. 170 (Sept. 4, 1998) (holding that a claim which alleged injuries resulting from a bar's negligent supervision of its employees did not fall within the relevant assault and battery exclusion), and Proto v. Hermitage, No. CV040488254, 2005 WL 1971113 at *1 (Conn. Super. Ct., July 1 2005) (holding that a claim which alleged only negligence, without evidence that such negligence was a proximate cause of the plaintiff's injuries, did not fall within the assault and battery exclusion of the applicable insurance policy), with AXA Global Risks US v. S.G.S., No. CV990337096S, 2000 WL 1861833 (Conn. Super. Ct., Nov. 15, 2000) ("'it is understood and agreed that this policy excludes claims arising out of: 1. Assault and Battery, whether caused by or at the instructions of, or at the direction of or negligence of the insure, his employees, patrons, or any cause whatsoever. 2. Allegations of negligent act or omission by or on behalf of the insured in connection with hiring, retention or control of employees, supervision or prevention or suppression of such assault and battery.'"). However, the Court disagrees with the reasoning of Teixeira and Proto, and finds that the plaintiff's interpretation is consistent with Kelly and adopts it. See Kelly, 223 Conn. at 37.

duty to indemnify.[5]  Id. at *2-3.

The wording of the assault and battery exclusion in this case is identical to the exclusion in Salza. In both cases, the plaintiff alleged injuries caused by both an actual assault and negligent conduct by the defendant employer. Melissa's attempts to draw a distinction because the person who committed the assault in Salza was an employee of the bar, while here, Dunn was a patron. However, this argument also relies on its interpretation of the exclusion to exclude coverage only when an employee of Melissa's acts or fails to act in connection with the prevention or suppression of an assault or battery committed by another employee of Melissa's.[6] Reading the second clause of the assault and battery exclusion in accordance with Kelly, and as discussed above, the exclusion clearly excludes coverage for bodily injury suffered when an employee or agent of Melissa's acts or fails to act in connection with the prevention or suppression of an assault or battery, regardless of who commits the assault or battery. See Kelly, 223 Conn. at 36.[7] Thus, Bosco's negligence claims against Melissa's and Regan are covered by

---

[5] The assault and battery exclusion in Salza precluded coverage for "bodily injury . . . [a]rising out of an assault and battery, as well as for any act or omission in connection with the prevention or suppression of an assault or battery, committed by an Insured or an employee or agent of the insured." Salza, 2002 WL 1331985 at *1. The plaintiff was allegedly assaulted by the bartender and filed a multi-count complaint claiming intentional assault by the bartender and negligence against the bar and bartender.

[6] The defendant attempts to distinguish this case from both Kelly and Salza. The defendant argues that since the words "patrons or any other person" were included in the exclusion in Kelly, the assault in Kelly, which a customer committed, properly fell under the exclusion. That was not the reasoning in Kelly.

[7] The complaint in Kelly also contained allegations of negligence, but the Connecticut Supreme Court did not address those allegations because the insurance policy only applied to claims under the Connecticut Dram Shop Act, CONN. GEN. STAT. § 30-102. Kelly, 223 Conn. at 34 n.2.

the assault and battery exclusion and CX Re does not have a duty to indemnify Melissa's.[8]

Thus, the Court finds that there is no genuine issue of material fact as to the proper scope of the assault and battery exclusion in the insurance policy between CX Re and Melissa's. The exclusion excludes coverage for assaults and batteries committed by an employee of Melissa's and/or for any act or omission to act in connection with the prevention of suppression of any assault or battery, and therefore CX Re does not have a duty to indemnify Melissa's for the judgment in the Connecticut Superior Court.

IV. Conclusion

For the reasons set forth above, the plaintiff's motion for summary judgment [doc. #35] is GRANTED and the defendant's motion for summary judgment [doc. # 40] is DENIED. The clerk is ordered to close this case.

SO ORDERED this  31st   day of July 2008, at Hartford, Connecticut.


  /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

[8] Like Kelly, the assault and battery exclusion here is not ambiguous and thus no further fact-finding is necessary to determine the intent of the parties. Kelly, 223 Conn. at 37.